RAFAEL NONES, demandante y apelado, *v.* LUIS C. TRIGO, demandado y apelante.

Núm. 7104.—*Sometido:* Abril 14, 1936. *Resuelto:* Julio 31, 1936.

*J. M. Calderón, Jr.,* abogado del apelante; *Adrián Agosto,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante se quejó de que se abrieran ventanas en la pared de la casa de su vecino que estaba situada a menos de dos metros de distancia de la línea divisoria, con vistas rectas sobre la propiedad del demandante. Sostenía que esto

era contrario a las disposiciones del artículo 518 del Código Civil (edición de 1930) que lee como sigue:

"Artículo 518. No se puede abrir ventanas con vistas rectas, ni balcones u otros voladizos semejantes, sobre la finca del vecino, si no hay dos metros de distancia entre la pared en que se construyan y dicha propiedad.

"Tampoco pueden tenerse vistas de costado u oblicuas sobre la misma propiedad, si no hay 60 centímetros de distancia."

El demandado alegó que las ventanas habían sido tapiadas herméticamente. Al oír la prueba la corte inferior resolvió que si bien se habían cerrado o tratado de cerrar las ventanas, no existía un cierre permanente como el que la ley exige y conforme resolvimos en el caso de *Reyes* v. *Alvarez,* 39 D.P.R. 566, distinguiendo otros casos.

El apelante dice:

"En nuestro caso, los huecos de las ventanas han sido cerrados con las propias ventanas herméticamente clavadas y atornilladas, con alambres que le imposibilitan el poder abrirse, sin que tengan cualidad alguna de ser transparentes y que imposibilitan, de acuerdo con las declaraciones testificales en este caso, la penetración de luz y aire y hace imposible la vista al otro predio colindante. Creemos que habiéndose cerrado con las propias ventanas herméticamente los huecos abiertos de la pared del edificio, se ha cumplido de pronto con la ley. Si en el transcurso del tiempo se quitan de los huecos las ventanas y éstas se abren permitiendo la entrada de aire y la penetración de luz haciendo posible la vista al predio colindante, el derecho de los demandantes o de sus causahabientes existe y como ha dicho el Tribunal Supremo, en el caso antes citado, ellos pueden hacerlo valer en cualquier tiempo."

Insiste en que ha hecho lo suficiente y en que no está obligado a tapiar las ventanas con cemento. El demandante apelado sostuvo, y hubo prueba tendente a demostrarlo, que las ventanas fueron tapiadas por la parte interior, más o menos en la forma descrita por el apelante, pero que los tornillos y el alambre podían ser quitados con facilidad y abrirse las ventanas nuevamente.

Convenimos con el apelado en que las ventanas deben desaparecer prácticamente como tales, o por lo menos, no ser capaces de abrirse con facilidad.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Córdova Dávila no intervino.