RAFAEL NONES, demandante y apelante, *v.* LUIS C. TRIGO, demandado y apelado.

Núm. 7675.—*Sometido:* Febrero 2, 1939. *Resuelto:* Junio 14, 1939.

*Adrián Agosto,* abogado del apelante; *J. M. Calderón, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Rafael Nones y Luis C. Trigo vivían en Santurce como vecinos. El último de ellos construyó una pared con vistas

a los terrenos de Nones y con dos ventanas que daban al solar del demandante y que se hallaban situadas dentro de dos metros de distancia del solar de Nones. Luego de celebrarse un juicio la Corte de Distrito de San Juan resolvió el caso a favor del demandante Nones y ordenó que las ventanas de la casa del demandado, hechas en la pared contigua a la propiedad del demandante, a una distancia menor de dos metros, fueran tapiadas con madera o material de suficiente resistencia y durabilidad para impedir que la luz penetrara o que una persona pudiera mirar hacia los terrenos del demandante. La sentencia de la corte de distrito fué apelada y confirmada por este Tribunal.

Al recibirse el mandato en la corte de distrito, el márshal, en cumplimiento de una orden del secretario, ejecutó la misma e hizo constar en su diligenciamiento que el demandado había cumplido con la sentencia y orden de la Corte de Distrito de San Juan.

Posteriormente, en 15 de noviembre de 1936, el demandante acudió una vez más ante la corte y se quejó de que el demandado Trigo no había realmente cumplido con la orden de ésta. La idea fundamental del demandante era que las ventanas debían tapiarse totalmente a nivel con el exterior de la pared y que no era suficiente poner una cubierta de madera en el interior de los huecos de las ventanas. La Corte de Distrito de San Juan consideró la moción, hizo una inspección ocular del lugar y resolvió que el demandado había cumplido suficientemente con la sentencia de la corte. Decidió que los huecos estaban bien cerrados y que lo único que daba una apariencia en contrario era que las antiguas persianas habían quedado en la parte exterior de dichos huecos. Aceptamos las conclusiones de la corte como finales sobre los hechos.

El apelante se queja, conforme ya hemos indicado, de que la madera utilizada para tapiar los huecos podía ser quitada fácilmente y restablecerse la condición anterior. Sostiene además que si deseara vender su casa un comprador

en perspectiva tal vez se abstendría de comprarla debido a la posibilidad de que se abrieran las ventanas de nuevo. El apelado, con bastante certeza, dice que el demandante puede inscribir su sentencia original en el registro de la propiedad y que un comprador en perspectiva entonces sabría que Trigo no tiene servidumbre o derecho alguno a abrir las ventanas con vistas sobre la finca del demandante; que si el demandado tratara de reabrir las ventanas resultaría contumaz, o en otras palabras, que se le podría procesar por desacato. Nada hay en la sentencia original que exija al demandado tapiar sus ventanas al nivel del exterior de la pared.

Existen otras cosas que contribuyen a la confirmación de la sentencia. El caso no tiene índice. La sentencia dictada en la vista original está copiada en los autos, al igual que algunas de las actuaciones del márshal, mas los hechos ocurridos durante el juicio no aparecen en dichos autos. La corte se refiere a la inspección hecha por ella, mas deseamos llamar la atención hacia el hecho de que técnicamente deberíamos tener a la vista los autos completos. El apelante se refiere a la decisión de este tribunal que aparece publicada en 50 D.P.R. 538, mas no la menciona espcíficamente como parte de los autos en apelación.

*La resolución apelada debe ser confirmada.*

El Juez Asociado Sr. De Jesús no intervino.